# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-00470-TWP-TAB |
| | ) | |
| JERRY SLUSSER, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

In 1999, Defendant Jerry Slusser ("Slusser") ran into legal trouble with the federal government over his unscrupulous business dealings with a group of German investors. *See Slusser v. Commodity Futures Trading Commission*, 210 F.3d 783 (7th Cir. 2000). Finding that he violated the Commodity Exchange Act, the Commodity Futures Trading Commission ("CFTC") issued Slusser a hefty civil fine of $10 million and a lifetime ban from United States futures markets. After an appeal to the Seventh Circuit and further legal wrangling, the fine was ultimately reduced to $600,000.00. Now, roughly twelve years after this case first began, Plaintiff United States of America ("Government") has brought an enforcement action to collect the civil fine, plus interest, that Slusser unquestionably owes.

This matter is before the Court on two motions: (1) Slusser's Motion for Summary Judgment and (2) the Government's Motion for Judgment on the Pleadings. The Court heard oral argument on November, 8, 2011. Although the two motions have different titles, they cover identical terrain, hinging on the exact same question: that is, has the applicable statute of limitations run, thus barring the Government's present enforcement action? For the reasons set forth below, the Court finds that the statute of limitations has in fact expired. Accordingly,

Slusser's Motion for Summary Judgment (Dkt. #13) is **GRANTED**, and the Government's Motion for Judgment on the Pleadings (Dkt. #19) is **DENIED**.

## I.  BACKGROUND

Because this case turns on the timeline of events, an exhaustive summary of the procedural history is included.  The facts are not in dispute.  On July 19, 1999, the CFTC found Slusser civilly liable for violations of the Commodity Exchange Act.  The CFTC fined Slusser $10 million and imposed various non-monetary penalties, including a lifetime ban from futures markets in the United States.  Slusser filed a timely appeal of the CFTC's decision to the Seventh Circuit Court of Appeals.  Slusser also petitioned the CFTC for a stay of execution during the pendency of the Seventh Circuit appeal, which the CFTC Division of Enforcement opposed.  On August 19, 1999, the CFTC denied Slusser's motion for a stay.

On August 31, 1999, the CFTC sent a letter to Slusser's counsel, stating in relevant part that "payment of [the] penalty was due on or before August 18, 1999....  If payment is not made immediately, vigorous collection actions will be taken and significant additional costs will be added to the amount already owed."  Notably, the CFTC stated that it could "refer[]…the matter to the Attorney General of the United States for collection, which could involve legal proceedings against your clients in federal district court, as provided by Section 6(e) of the Commodity Exchange Act, 7 U.S.C. § 9a…".  On September 3, 1999, Slusser sought a stay of execution in the Seventh Circuit, which was again opposed by the CFTC.  The Seventh Circuit denied Slusser's motion.

On April 24, 2000, the Seventh Circuit issued an opinion affirming Slusser's non-monetary penalties but remanding the matter back to the CFTC for purposes of reevaluating the $10 million fine.  On remand, the CFTC issued an Opinion and Order tentatively reducing the

fine by 94% – down to $600,000.00. The CFTC remanded the matter to an Administrative Law Judge ("ALJ") for supplemental hearings addressing Slusser's ability to pay the fine. On August 27, 2003, the ALJ issued a Supplemental Initial Decision ordering Slusser to pay the $600,000.00 fine "at the time [the] Supplemental Initial Decision becomes final." Slusser appealed the ALJ's decision to the CFTC. On March 4, 2004, the CFTC affirmed, and Slusser received notice of the decision to affirm on March 8, 2004. On April 26, 2004, the CFTC sent a letter to Slusser's counsel, stating in relevant part that the penalty assessed on March 4, 2004 was "due immediately." The CFTC also noted that it had an array of collection methods at its disposal, including "referral of the matter to the Attorney General of the United States for collection, which could involve legal proceedings in the federal district court, as provided by Section 6(e) of the Commodity Exchange Act, 7 U.S.C. § 9a."

To reiterate, Slusser received notice of the CFTC's decision to affirm his $600,000.00 fine on March 8, 2004. From that date, he had 15 days to appeal. *See* 7 U.S.C. § 9 (a petition for review from a final Commission order must be made "within fifteen days after the notice of such order is given to the offending person"). However, Slusser did not file an appeal to the Seventh Circuit until May 3, 2004 – well over a month past the deadline. Obviously, by failing to adhere to the timing requirements, Slusser's appeal was doomed from the start. On May 12, 2004, the CFTC filed a motion to dismiss the appeal for lack of jurisdiction. Almost two years later, on April 10, 2006, the Seventh Circuit granted CFTC's motion to dismiss, finding that Slusser's appeal was untimely. Several years later, the CFTC referred the matter to the United States Attorney's office. Finally, on April 7, 2011, the Government filed the present lawsuit against Slusser. Additional facts are added below as needed.

## II. <u>LEGAL STANDARD</u>

This case sits in a unique procedural posture: Slusser has filed a motion for summary judgment while the Government has filed a motion for judgment on the pleadings. Here, though, the type of motion is of little import. Indeed, "both Parties agree that a five year statute of limitations applies to this enforcement action and both Parties agree that this is the only issue to be decided by the Court." (Dkt. #27 at 1). Moreover, under either standard, Fed. R. Civ. P. 56 or Fed. R. Civ. P. 12(c), the result is the same. For the sake of thoroughness, however, the Court will articulate both standards in this section.

With respect to the Government's motion, courts apply the 12(b)(6) standard when ruling on 12(c) motions. *Guise v. BMW Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). The primary difference between a 12(b) motion and a 12(c) motion is that "a party may file a 12(b) motion before its answer," whereas a 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 n.3 (7th Cir. 1998). When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations as true and draws all inferences in favor of the non-movant. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must give "fair notice of what the…claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

With respect to Slusser's motion, Fed. R. Civ. P. 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted).

### III.  DISCUSSION

**A.     When does a claim first accrue under 28 U.S.C. § 2462?**

The parties agree that the applicable statute of limitations in this case is codified at 28 U.S.C. § 2462, which provides in relevant part: "Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, <u>shall not be entertained unless commenced within five years from the date when the claim first accrued</u>…". 28 U.S.C. § 2462 (emphasis added). This statute of limitations applies to government actions to enforce administratively assessed penalties. *See, e.g., Johnson v. SEC*, 87 F.3d 484, 492 (D.C. Cir. 1996) (§ 2462 applies to an action under Exchange Act § 15(b)); *SEC v. Caserta*, 75 F. Supp. 2d 79, 89 (E.D.N.Y. 1999) (§ 2462 applies to SEC civil penalty claims). The first question for the Court to determine is: when did the Government's claim against Slusser *first accrue*?

Over forty years ago, the United States Supreme Court faced a similar question in *Crown Coat Front Co. v. United States*, 386 U.S. 503 (1967). A review of this case is instructive. In *Coat Front*, the Supreme Court considered the "accrual" date for purposes of the statute of

limitations codified at 28 U.S.C. § 2401. The dispute arose when petitioner contracted with the government to provide canteen covers. *Id*. at 507-08. The government, which was authorized to inspect the covers under the contract, rejected certain samples because of their quality after conducting tests on them. *Id*. at 508. In response, petitioner agreed to a price reduction and was allowed to complete the project. *Id*. Final delivery was completed on December 14, 1956. *Id*. Over two years later, in March 1959, petitioner discovered the nature of the tests that the government had performed on the samples. *Id*. Petitioner claimed that such tests were not permitted under the contract. *Id*.

Consequently, in 1961, petitioner filed a claim with the contracting officer, which the contracting officer denied. *Id*. On February 28, 1963, the Board of Contract Appeals affirmed the contracting officer's denial. *Id*. On July 31, 1963, more than six years after completion of the contract, petitioner brought suit in federal district court challenging the Board's decision. *Id*. In response, the United States alleged that the suit was time barred by 28 U.S.C. § 2401, which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." *Id*.; 28 U.S.C. § 2401. Ultimately, the Supreme Court disagreed with the United States' position, ruling that petitioner's suit in district court was, in fact, timely. In doing so, the Supreme Court held that the petitioner's "right to bring a civil action *first accrued* when the Armed Services Board of Contract Appeals finally ruled on its claim." *Id*. at 522 (emphasis added). In other words, the claim first accrued "upon *the completion of the administrative proceedings* contemplated and required by the provisions of the contract." *Id*. at 511 (emphasis added).

To be sure, 28 U.S.C. § 2401 and 28 U.S.C. § 2462 (the subject of the current dispute) are very similar. Therefore, it is not surprising that the reasoning embraced in *Crown Point* has

been applied in cases involving § 2462. In *United States Dept. of Labor v. Old Ben Coal Co.*, 676 F.2d 259 (7th Cir. 1982), for instance, the Seventh Circuit applied § 2462 in an action filed to enforce civil penalties stemming from the defendant's violations of the Federal Coal Mine Health and Safety Act. *Id*. at 260. The ALJ had issued its decision on June 23, 1975 and ordered the defendant to pay its assessed fine within 30 days. *Id*. Like Slusser, the defendant flouted this requirement, so the Department of Labor filed suit to collect the civil penalty on July 18, 1980. *Id*. The defendant moved for summary judgment, pointing to the operative five year statute of limitations codified at §2462. *Id*. The Seventh Circuit, applying §2462, held that "the limitations period begins to run when the administrative order becomes final" (i.e. 30 days after the ruling was issued). *Id*. at 261. In light of this extra 30-day cushion, the Seventh Circuit ruled Department of Labor's suit was timely. *Id*.; *see also United States v. Meyer*, 808 F.2d 912, 922 (1st Cir. 1987) ("For the reasons elucidated above, we hold that when…final assessment of an administrative penalty is a statutory prerequisite to the bringing of an action judicially to enforce such penalty, the statute of limitations prescribed by 28 U.S.C. §2462 does not begin to run, so long as administrative proceedings have been seasonably initiated, <u>until the same have been concluded and a final (administrative) decision has resulted</u>.") (emphasis added); *SEC v. Mohn*, 465 F.3d 647, 654 (6th Cir. 2006) ("a claim accrues and the period of limitations begins to run on any collection proceeding to which § 2462 applies <u>once the underlying administrative action establishing liability becomes final</u>") (emphasis added); *see also* BLACK'S LAW DICTIONARY 21 (6th ed. 1990) ("A cause of action accrues when a suit may be maintained thereon…").

Given this backdrop, Slusser's argument for summary judgment is straightforward. Here, the underlying administrative action that imposed Slusser's monetary fine became *final* in March 2004, when the CFTC's monetary penalty became a final administrative order. This suit was

filed over seven years later, on April 7, 2011. Because the claim *first accrued* in March 2004, the statute of limitations ran five years later, in March 2009. According to Slusser, the Government's collection action was filed over two years too late.

**B.     But did Slusser's belated Seventh Circuit appeal toll the statute of limitations?**

If only it were that simple. Not surprisingly, there is a wrinkle to this analysis. The Government's position is that Slusser's subsequent appeal to the Seventh Circuit (filed on May 3, 2004) tolled the statute of limitations until the Seventh Circuit dismissed Slusser's claim for lack of jurisdiction on April 10, 2006. The Government proffers that because its claim was brought on April 7, 2011 – less than five years after the Seventh Circuit's decision – its collection action is timely. According to the Government, this position is unambiguously backed by 7 U.S.C. § 9a of the Commodity Exchange Act, which is the statute authorizing the present enforcement action. Specifically, it provides:

> If the person against whom the money penalty is assessed fails to pay such penalty after the lapse of the period allowed for appeal or after the affirmance of such penalty, the Commission may refer the matter to the Attorney General who shall recover such penalty by action in the appropriate United States district court.

7 U.S.C. § 9a(3) (emphasis added). In other words, the Government argues that Slusser's appeal did not *first accrue* – thus triggering the statute of limitations clock – until April 10, 2006.

There are, however, at least two flaws in the Government's position. And, unfortunately, these flaws are fatal, notwithstanding the rule that the Court is bound to construe limitations periods strictly "in favor of the Government." *E.I. Dupont de Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924). First, even under the Government's interpretation of 7 U.S.C. § 9a, the statute of limitations has still run. Specifically, 7 U.S.C. § 9a(3) provides that the Commission may refer the matter to the Attorney General, who can recover the penalty in federal court either: (1) after the <u>period for appeal lapses</u>; or (2) after <u>affirmance</u> of the appeal. Here, Slusser received

notice of the CFTC's final decision on March 8, 2004. From this date, Slusser had 15 days to appeal. *See* 7 U.S.C. § 9. However, Slusser did not initiate an appeal until May 3, 2004, well past the 15-day deadline. Thus, as of March 24, 2004, Slusser's ability to *successfully* appeal lapsed. In the Court's view, this lapse triggered the clock for purposes of the statute of limitations, and the clock never stopped running, meaning the Government's claim is now time-barred.

The Government has responded that this is incorrect because the statute of limitations did not start until the Seventh Circuit issued its decision on April 10, 2006. Importantly, however, 7 U.S.C. § 9a(3) only describes an *affirmance* of appeal. The Seventh Circuit did not technically *affirm*; instead, it *dismissed* Slusser's appeal for lack of jurisdiction (Dkt. #1-4 at 4) (granting motion to dismiss because Petition for Review was untimely). Indeed, appellate courts do not have jurisdiction over untimely appeals. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000) ("The appeal is untimely, and we have no jurisdiction to review untimely appeals"); *In re Mut. Fund Market-Timing Litig.*, 468 F.3d 439, 441 (7th Cir. 2006) ("Because we lack appellate jurisdiction…we must dismiss the appeals outrights."); *United States v. Lilly*, 206 F.3d 756, 758 (7th Cir. 2000) ("Mr. Lilly's notice of appeal was untimely. Therefore, we lack jurisdiction over this appeal and must dismiss it."); Fed. R. App. P. 4(a).

On this point, it is also worth noting that courts may not choose to pass on jurisdictional issues and decide the case on the merits. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("Every federal appellate court has a special obligation to satisfy itself…of its own jurisdiction"). Plainly stated, once Slusser blew his deadline to appeal, the Seventh Circuit lost jurisdiction, and the fate of his appeal was sealed. In other words, the Seventh Circuit was *required* to grant the CFTC's motion to dismiss. The

Court finds that under these circumstances, where the period for appeal had lapsed, a running statute of limitations cannot be stopped just because a meritless appeal is subsequently filed.

The Court believes that this position aligns with both the law and common sense. After all, under the Government's reasoning, any utterly frivolous appeal filed with any court prior to this enforcement action would seemingly halt the statute of limitations clock until the court disposes of it.[1] Equally important, this position is reinforced by the CFTC's own interpretation; specifically, the CFTC has repeatedly taken the position that an appeal does <u>not</u> stay its ability to execute on a civil penalty. *See In re Gordon*, CFTC No. 90-19, 1995 WL 147881, at *2 (C.F.T.C. April 3, 1995) ("pendency of an appeal does not affect the Commission's authority to demand payment of the money penalty and, in its discretion, to initiate customary collection efforts to enforce that demand"); *In re Grossfeld*, CFTC No. 89-23, 1997 WL 90963 (C.F.T.C. Feb. 28, 1997) (rejecting view that civil money penalties are automatically stayed under 7 U.S.C. § 9a pending appeal; "we have never read the language cited by the respondents as providing for an automatic stay of civil money penalties pending appeal.").

Indeed, this position has already been staked out by the CFTC in this case, evidenced by the letters sent on August 31, 1999 and April 26, 2004, which both threatened legal action in federal district court. As Slusser notes, "[t]he CFTC's own rulings, pleadings, and practices confirm its clear and unwaivering [sic] position that the accrual date of an action to enforce a civil penalty is unimpeded and unaffected merely by defendant's appeal of the penalty to the Circuit Court of Appeals." (Dkt. #14 at 12). Notably, the Government's current position is

---

[1]The Government emphasizes that "Slusser's construction of this statute eviscerates its clear intent of the statute and would permit wrongdoers to withhold payment and seek appeals until the five-year period runs after an administrative decision." (Dkt. #27 at 1). The Court is not persuaded. Under Slusser's construction, the Government would be permitted to bring an enforcement action *immediately* after the CFTC's decision became final, regardless of whether an appeal was filed. In other words, Slusser's construction would have allowed the Government to bring this action in March 2004.

belied by the CFTC's previous positions. In effect, allowing such position-shifting when convenient would enable the Government to have its cake and eat it too.

Second, even if this Court assumes that the statute of limitations was tolled during the pendency of the appeal, Slusser still prevails. Under 7 U.S.C. § 9a, an action accrues when the time for appeal lapses. Here, Slusser's last day for a potentially viable appeal was March 23, 2004, and the statute of limitations clock began running on March 24, 2004. After all, the Government could have initiated a collection action on this date. Slusser did not initiate his appeal until May 3, 2004. Therefore, even if that (meritless) appeal tolled the statute of limitations, the period from March 24, 2004 to May 2, 2004 (40 days) must be included in the statute of limitations calculation.[2] The Seventh Circuit dismissed Slusser's appeal on April 10, 2006. When this occurred, the statute of limitations began running again. The Government concedes this latter point (Dkt. #20 at 7) ("the limitations period did not commence until April 10, 2006"). The present lawsuit, however, was not filed until April 7, 2011. Therefore, roughly 4 years and 362 days ran between the Seventh Circuit's decision and this lawsuit. When the two time intervals are added together (4 years, 362 days plus 40 days), the sum is well over 5 years. Accordingly, even if Slusser's appeal tolled the statute of limitations, five years of countable time still passed, meaning the Government's claim is barred.

## IV. CONCLUSION

Hopefully, the Government has other collection methods at its disposal to collect the fine that Mr. Slusser unquestionably owes. Unfortunately (that word bears repeating under the circumstances), sometimes otherwise meritorious claims are barred by the statute of limitations. As courts have long noted, "[t]he theory is that even if one has a just claim it is unjust not to put

---

[2] Notably, the CFTC sent a letter to Slusser's counsel on April 26, 2004 stating that the $600,000.00 was "due immediately" and that it could pursue an action in federal district court.

the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Savage v. McClean*, 2009 WL 899710, at *3 (S.D. Ind. March 31, 2009) (quoting *Order of R.R. Telegraphers v. Ry Express Agency, Inc.*, 321 U.S. 342, 349 (1944)). Such is the case here. For the reasons set forth above, Slusser's Motion for Summary Judgment (Dkt. #13) is **GRANTED**, and the Government's Motion for Judgment on the Pleadings (Dkt. #19) is **DENIED**.

**SO ORDERED.**

Date: _____11/11/2011_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James H. Voyles
VOYLES ZAHN PAUL HOGAN & MERRIMAN
jvoyles@vzphmlaw.com

Frank L. Watson Jr.
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
fwatsonjr@bakerdonelson.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov